Lisa DONOFRIO–FERREZZA,
Plaintiff–Appellant,

v.

Ruth NIER and Francesca Sterlacci,
Defendants–Appellees.

No. 05–5269–cv.

United States Court of Appeals,
Second Circuit.

April 26, 2006.

David M. Fish, New York, NY, for Plaintiff–Appellant.

James P. O'Brien, Jr., Nixon Peabody LLP, Garden City, NY, for Defendants–Appellees.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. DENNIS JACOBS, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff claims that Defendants defamed her and tortiously interfered with her em-

ployment contract. We assume familiarity with the facts, the procedural history, and the issues on appeal. This Court reviews a grant of summary judgment *de novo. Mackey v. Bd. of Educ.,* 386 F.3d 158, 163 (2d Cir.2004).

1. Under New York Law, statements made as part of a tenure review have qualified immunity from defamation suits. *Stukuls v. State,* 42 N.Y.2d 272, 280, 397 N.Y.S.2d 740, 366 N.E.2d 829 (1977). To pierce this immunity, plaintiff must show malice. *Liberman v. Gelstein,* 80 N.Y.2d 429, 437, 590 N.Y.S.2d 857, 605 N.E.2d 344 (1992). Plaintiff has made no such showing.

For common law malice, Plaintiff must show that the alleged defamation was motivated by spite towards the Plaintiff; generalized feelings of ill will are not sufficient. *Id.* at 439. Plaintiff has only adduced evidence suggesting generalized ill will; she has produced no evidence suggesting that Defendants' statements were motivated by malice.

For constitutional malice, Plaintiff must show that Defendants intentionally or recklessly disregarded a statement's falsity. *New York Times Co. v. Sullivan,* 376 U.S. 254, 279–80, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). As the district court's careful opinion makes clear, Plaintiff has made no such showing for any of the challenged statements. Summary judgment was therefore appropriate as to Plaintiff's defamation claims.

2. An employee of a contracting party can only be sued for tortious interference with a contract if the employee "exceed[s] the bounds of his or her authority." *Finley v. Giacobbe,* 79 F.3d 1285, 1295 (2d Cir.1996). Defendants did not exceed their authority in presenting their non-malicious opinions on Plaintiff's candidacy for tenure. Thus, summary judgment was appropriate.

For the foregoing reasons, the judgment of the district court is affirmed.